```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   HOT SPRINGS DIVISION
```

EARL L. JONES and
LASHELLE JONES                                    PLAINTIFFS

    v.            Case No. 6:10-CV-06022-RTD

UNION PACIFIC RAILROAD CO.,
CARL S. PARKER, and
WILLIAM E. HERNDON                                DEFENDANTS

UNION PACIFIC RAILROAD CO.             THIRD-PARTY PLAINTIFF

    v.

NATIONAL RAILROAD PASSENGER
CORPORATION (commonly referred
to as "Amtrak")                       THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

On April 6, 2009, Plaintiffs filed a Complaint against Defendants in the Circuit Court of Hot Spring County, Arkansas, seeking recovery of damages in an Arkansas state-law tort claim. On March 2, 2010, Union Pacific filed a Third-Party Complaint against Amtrak, seeking full contractual indemnity in the event Defendants are found liable to Plaintiffs (Doc. 6). Thereafter, Amtrak removed the case from state court (Doc. 1), exercising its right under 28 U.S.C. § 1441, alleging that jurisdiction lies with this Court.[1]

Currently before the Court are the Motion to Remand (Doc. 9) by Plaintiffs Earl Jones and Lashelle Jones and the Response (Doc.

---

[1] Amtrak's Notice of Removal (Doc. 1) cites 28 U.S.C. § 1441 generally and 1441(a) more specifically.  1441(a) is clearly inapplicable and 1441(c) is all that can be relied upon.  *Lewis v. Windsor Door Co.*, 926 F.2d 729, 732-33 (8th Cir. 1991).

16) by Third-Party Defendant Amtrak.  Third-Party Plaintiff Union Pacific has adopted Amtrak's Response (Doc. 18).  For the reasons stated herein, Plaintiffs' Motion to Remand is **GRANTED.**

**I. Standard of Review**

The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction.  *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).  A defendant may remove a state-law claim to federal court when the federal court would have had original jurisdiction if the suit were originally filed there.  28 U.S.C. § 1441; 28 U.S.C. § 1331.  The removal statute should be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  Removal based on federal question jurisdiction is usually governed by the "well-pleaded complaint" rule.  *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000).  This rule provides that federal jurisdiction may be invoked "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  All doubts about the existence of federal jurisdiction must be resolved in favor of remand.  *Bus. Men's Assurance Co.*, 992 F.2d at 183.

**II. Analysis**

In the case before the Court, Plaintiffs contend that under the "well-pleaded complaint" rule, the federal court lacks original

subject matter jurisdiction because the complaint does not raise a federal question.  Further, they contend that a third-party claim cannot create federal jurisdiction.  Meanwhile, Amtrak contends that it is entitled to removal because 28 U.S.C. § 1349 grants federal jurisdiction over civil actions involving corporations, such as Amtrak, in which the United States is a majority shareholder.  Amtrak further alleges that removal is proper where the third-party claim is sufficiently "separate and independent" from the main claim.  *See* 28 U.S.C. § 1441(c).  Thus, the resolution of Plaintiffs' Motion to Remand depends on whether a third-party defendant may properly remove where subject matter jurisdiction is created by 28 U.S.C. § 1349.

 The Eighth Circuit Court of Appeals has held that the removal statute does not permit removal by third-party defendants.  *See Lewis v. Windsor Door Co.*, 926 F.2d 729, 733-34 (8th Cir. 1991).  In *Lewis*, the United States had been impleaded as a third-party defendant under the Federal Tort Claims Act and then removed the case.  *Id*. at 730.  After the district court granted summary judgment, the Court of Appeals vacated the judgment, holding that "the United States, as third-party defendant, was without authority to remove the case under [those] facts."  *Id*. at 734.  Similarly, the Seventh Circuit has held that third-party defendants do not have the authority to remove "in the broad run of third-party cases," but stopped short of "adopt[ing] a universal and absolute

rule to that effect." *Thomas v. Shelton*, 740 F.2d 478, 487 (7th Cir. 1984).

The Eighth Circuit has not explicitly extended its holding in *Lewis* to removal based on 28 U.S.C. § 1349. However, the Seventh Circuit, which is closely aligned with this Circuit on the subject of third-party removal, has decided that removal jurisdiction is not created where Amtrak is named as a third-party defendant. *See Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 835-36 (7th Cir. 2003). In *Adkins*, the Seventh Circuit relied on the Supreme Court's holding in *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002), that a compulsory counterclaim is not sufficient to create federal question jurisdiction. *Adkins*, 326 F.3d at 836. The Court of Appeals extended *Holmes* to third-party complaints, reasoning that a compulsory counterclaim "arguably presented a stronger case for jurisdiction than a permissive counterclaim or a permissive third-party action." *Id*. The Court conceded that the result might be different "if everything arises out of the same constitutional case or controversy," but ultimately the decision to retain or remand the case is at the discretion of the district court. *Id*.

In contrast, the Fifth Circuit has held that the removal statute allows for removal by third-party defendants where the third-party claim is sufficiently "separate and independent" from the main claim. *See Carl Heck Eng'rs, Inc. v. Lafourche Parish*

*Policy Jury*, 622 F.2d 133, 136 (5th Cir. 1980).  Amtrak relies heavily on *Carl Heck*.  However, the case represents the "minority view."  *Johns v. United States*, Nos. 96-1058 and 97-213, 1997 WL 543092, at *2 (E.D. La. Sept. 2, 1997).  Further, it "has been the subject of nearly universal criticism from other federal courts." *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 822(S.D. W.Va. 2004).[2]  This authority does not persuade the Court.

### III. Conclusion

The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction.  *Bus. Men's Assurance Co.*, 992 F.2d at 183.  Any doubts about the existence of federal jurisdiction must be resolved in favor of remand.  *Id*.  The Eighth Circuit has clearly decided that a third-party defendant may not properly remove a case to federal court.  *See Lewis*, 926 F.2d at 733-34.  Amtrak, relying on the contrary position of the Fifth Circuit, has failed to demonstrate sufficient grounds for establishing federal jurisdiction.

For the reasons stated herein, Plaintiffs' Motion to Remand is **GRANTED** and this case is remanded to the Circuit Court of Hot Spring County.

---

[2] Indeed, the removal statute was amended to prohibit application of the *Carl Heck* holding in future diversity cases.  See  28 U.S.C. § 1441(c)and Official Commentary on 1990 Revision; *see also Gracia v. Irvine*, No. 4-91-442-E, 1992 WL 150093, at *1 (N.D. Tex. June 10, 1992)(noting revision of the statute since *Carl Heck*).

IT IS SO ORDERED this 7th day of June, 2010.

>/s/ Robert T. Dawson
>Honorable Robert T. Dawson
>United States District Judge